**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| KRISTI DENAE GUIDER, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 3:25-cv-295 |
| v. | ) | |
| | ) | Judge Atchley |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | Magistrate Judge Poplin |
| *Defendant*. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 7, 2026, Magistrate Judge Debra C. Poplin filed her Report and Recommendation ("R&R") [Doc. 19], recommending the Court deny Plaintiff's request to remand [Doc. 1] and affirm the decision of the Commissioner. Plaintiff Kristi Denae Guider filed a timely Objection [Doc. 20] to the R&R. The Court has carefully considered the parties' briefs in this case [Docs. 12, 16, 18], the R&R [Doc. 19], Plaintiffs' Objection [Doc. 20], and other materials in the record. The Court has reviewed *de novo* the portions of the R&R to which Plaintiff has properly objected. For reasons that follow, the R&R [Doc. 19] will be **ACCEPTED AND ADOPTED,** Plaintiff's request to remand [Doc. 1] will be **DENIED**, and the decision of the Commissioner will be **AFFIRMED**.

## I. BACKGROUND

The factual and procedural background of this case is set forth in Magistrate Judge Poplin's R&R. [Doc. 19]. Briefly, Plaintiff filed for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*., on June 8, 2022, alleging a disability onset date of

February 14, 2022. [Doc. 5 at 215[1]]. Her claims were denied, and she requested a hearing before an Administrate Law Judge ("ALJ"). [*Id.* at 100]. The ALJ determined that Plaintiff was not disabled. [*Id*. at 21–28]. Plaintiff was subsequently denied an Appeals Council review on May 14, 2025, rendering the ALJ's determination as the Commissioner's final decision. [*Id*. at 1–7].

Plaintiff then petitioned this Court seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g). [Doc. 1]. On appeal, Plaintiff raised the following two issues: (1) that the ALJ erred by failing to comment on a third-party letter authored by Plaintiff's past employer and neglected to reconcile conflicts in the evidence regarding Plaintiff's mental limitations, and (2) that the ALJ's RFC determination is not supported by substantial evidence and is the product of legal error where the ALJ improperly evaluated the medical opinion of Dr. Snow pursuant to 20 C.F.R. § 404.1520c. [Doc. 12 at 1]. The Magistrate Judge disagreed, finding that the "ALJ's decision aligns with the law and the Social Security Administration's regulations and is supported by substantial evidence." [Doc. 19 at 7].

Plaintiff thereafter filed a single objection to the Magistrate Judge's R&R. [Doc. 20]. Specifically, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly considered the third-party letter from Plaintiff's prior employer. [*Id.* at 1–4]. Defendant opted not to file a response brief and instead filed a notice indicating he rests his case and relies on his previously filed brief [Doc. 16]. [Doc. 21]. Having reviewed the R&R, the briefing of the parties, and the record, the Court is prepared to rule.

## II. STANDARD OF REVIEW

When a pretrial matter is dispositive of a party's claim or defense, the district judge may refer the matter to the magistrate judge for a report and recommendation. Fed. R. Civ. P. 72(b)(1);

---

[1] For consistency and ease of reference, record citations are to the internal pagination of the transcript, not to the CM/ECF-stamped document and page number.

*see* 28 U.S.C.A. § 636(b)(1)(B). The magistrate judge must recommend a disposition, including, if appropriate, proposed findings of fact. Fed. R. Civ. P. 72(b)(1). The district judge must then "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C.A. § 636(b)(1) ("A judge of the court shall make *a de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with further instructions. *Id.*

It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

Remand for further evaluation of a Social Security decision under sentence four of 42 U.S.C. § 405(g) is proper when further evaluation of the evidence is required. *See Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). However, a court may remand for an award of benefits when "essential factual issues have been resolved and the record adequately

establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs*., 17 F.3d 171, 176 (6th Cir. 1994). The Sixth Circuit has further advised that "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d 176.

## III. ANALYSIS

Plaintiff's sole objection to the Magistrate Judge's R&R concerns the ALJ's treatment of a third-party letter from Plaintiff's former employer, Jane Raines. [Doc. 20 at 1]. The parties do not dispute that the ALJ did not expressly address Ms. Raines's letter. Plaintiff contends that the letter constitutes "new evidence that is not cumulative of Plaintiff's testimony" and that the ALJ erred by failing to give reasons for not crediting the evidence. [Doc. 12 at 8]. The Magistrate Judge disagreed, noting that current regulations, *see* 20 C.F.R. § 404.1520c(d), do not require the ALJ to articulate how he considered nonmedical evidence. [Doc. 19 at 8–9]. The Magistrate Judge also found that the ALJ's failure to expressly address the letter was not reversible error because the letter was cumulative and repetitive of Plaintiff's testimony. [*Id.* at 9–10].

Plaintiff objects on both fronts. She argues that the majority of courts have concluded that Section 404.1520c(d) does not eliminate the ALJ's obligation to explain how nonmedical evidence was considered and that some articulation is therefore still required. [Doc. 20 at 1–2]. She further maintains that Ms. Raines's letter is not cumulative because it provides new evidence supporting the Plaintiff's alleged disability. [*Id.* at 2–4]. The Court finds that, even if the ALJ was required to explain how he considered Ms. Raines's letter, his failure to do so is harmless and does not warrant remand under the circumstances of this case.

To begin, Section 404.1520c(d) expressly provides that, for claims filed on or after March 27, 2017, ALJs "are not required to articulate how [they] considered evidence from nonmedical

sources using the requirements in paragraphs (a)-(c) in this section." 20 C.F.R. § 404.1520c(d). Consistent with this plain language, courts within the Sixth Circuit have recognized that although an ALJ must consider evidence from nonmedical sources, the ALJ need not articulate how that evidence was considered. *See Ricker v. Kijakazi*, No. 1:20-CV-200-DCP, 2022 U.S. Dist. LEXIS 7669, at *9 (E.D. Tenn. Jan. 14, 2022) ("Furthermore, the ALJ need not articulate how he considered the factors listed in 20 C.F.R. § 416.920c(a)-(c) when evaluating evidence from non-medical sources."); *Page v. Comm'r of Soc. Sec.*, No. 2:21-cv-00166-SKL, 2022 U.S. Dist. LEXIS 172626, at *16 (E.D. Tenn. Sept. 23, 2022) ("applicable regulations state that ALJs are not required to articulate in the written decision how they consider evidence from nonmedical sources"); *Joel P. v. Comm'r of Soc. Sec.*, No. 3:25-cv-153, 2026 U.S. Dist. LEXIS 194732, at *8 (S.D. Ohio Aug. 28, 2026) ("Finally, the ALJ is not required to articulate how he or she considered evidence from nonmedical sources.").

Nevertheless, ALJs must still "provide a reasoned explanation for their conclusions" and "provide an accurate and logical bridge between the evidence and the conclusion that the claimant is not disabled." *Page*, 2022 U.S. Dist. LEXIS 172626, at *16–17. But that requirement does not mean an ALJ must expressly discuss every piece of non-medical evidence in the record. *Id.* at *17. Indeed, courts within the Sixth Circuit have recognized that an ALJ's failure to specifically address a third party's statements constitutes harmless error where those statements are merely cumulative of the plaintiff's assertions. *Id.* at *18 (collecting cases). Thus, the relevant question is not simply whether the ALJ expressly discussed Ms. Raines's letter, but whether the letter contained material evidence that was not otherwise considered and articulated by the ALJ. The Court agrees with the Magistrate Judge that it did not.

Here, Plaintiff first argues that the letter provides new evidence showing that Plaintiff has difficulty "dealing with fellow employees." [Doc. 20 at 2–3]. The ALJ, however, specifically considered this issue, noting that Plaintiff "reported a history of bipolar disorder, having issues with being angry, having some history of losing control while angry, and having significant problems being around others." [Doc. 5 at 31]. Plaintiff attempts to distinguish this discussion by emphasizing that the ALJ referenced these difficulties in the context of being around others in public, rather than specifically difficulties with her coworkers. [Doc. 20 at 2–3]. But difficultly interacting with others in public settings is not meaningfully different, for purposes of this analysis, from difficulty interacting with coworkers. Plaintiff offers no reason why the ALJ's consideration of her documented difficulty of being around others would somehow exclude her interactions with coworkers. Next, Plaintiff contends that the letter also shows that she has been regularly absent from work and had difficulty completing work-related tasks. [Doc. 20 at 3–4]. Yet, the ALJ specifically identified that Plaintiff "has some history of missing days at work" and "reported making mistakes on (assumed complex) real property transfer documents, so that her employer was no longer satisfied with her work." [Doc. 5 at 31, 33].

None of the information in Ms. Raines's letter is sufficiently unique such that the ALJ's failure to mention it makes it a reversable error. Evidence of Plaintiff's difficulties dealing with others and her work-related absences are repetitive to Plaintiff's testimony detailed in the ALJ's findings.[2] *See Alyssa W. v. O'Malley*, No. 1:22CV919, 2024 U.S. Dist. LEXIS 19264, at *38–42 (M.D.N.C. Feb. 5, 2024) (ALJ's failure to provide a sufficient explanation of his decision to assign little persuasiveness to Plaintiff's third-party report is harmless because his findings "amply

[2] Moreover, Plaintiff argues that Ms. Raines's letter should be treated as an employee evaluation. Even assuming that characterization is appropriate, which the Court is highly skeptical of in this particular context, it would not alter the result because the letter contains only information cumulative of Plaintiff's own allegations.

accommodate" for them); *Weaver v. Comm'r of Soc. Sec.*, No. 3:13-cv-713, 2015 U.S. Dist. LEXIS 335 (2015); *Weaver v. Colvin*, No. 3:13-CV-713, 2014 U.S. Dist. LEXIS 179398, at *23 (E.D. Tenn. Dec. 4, 2014) (finding that the testimony of a lay witness was duplicative of evidence already in the ALJ's findings).

Despite the ALJ's failure to expressly address Ms. Raines's letter, the ALJ properly evaluated Plaintiff's reported symptoms and complaints in accordance with the applicable Social Security Administration regulations and policies. Plaintiff has therefore failed to identify any harmful error warranting remand in this regard. *See Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 194 (6th Cir. 2020) ("Given the deferential substantial-evidence standard, '[c]laimants challenging the ALJ's credibility findings face an uphill battle.'" (quoting *Nettleman v. Comm'r of Soc. Sec.*, 725 F. App'x 358, 360 (6th Cir. 2018))). And "as the Sixth Circuit has repeatedly held, where 'remand would be an idle and useless formality,' courts are not required to 'covert judicial review of agency action into a ping-pong game.'" *Page*, 2022 U.S. Dist. LEXIS 172626, at *24 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

## IV. CONCLUSION

As explained above, Plaintiff's objection is **OVERRULED**. As to the rest of the R&R, the Court agrees with Judge Poplin's well-reasoned conclusions and recommendations. Accordingly, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Poplin's Report and Recommendation [Doc. 19]. Plaintiff's request to remand [Doc. 1] is **DENIED**, and the decision of the Commissioner is **AFFIRMED**. This action is hereby **DISMISSED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**